UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERESA HERRON, as personal
representative of the Estate of Kord
Kostitch, deceased,
      Plaintiff,

v.

POLARIS INDUSTRIES, INC.,
    Defendant.
_____/

Case No.: 19-12357

Nancy G. Edmunds
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (ECF No. 38)

## I.    INTRODUCTION

Plaintiff Teresa Herron, as personal representative of the Estate of Kord Kostitch, sues Polaris Industries, Inc., asserting products liability claims for her husband, Kord Kostitch's death.  Kostitch was driving a 2015 Polaris Slingshot SL in a rainstorm, lost control of the vehicle, and was killed in a broadside collision on August 13, 2016.  (ECF No. 35).  On October 16, 2017, Plaintiff sued the dealer of the Polaris Slingshot, Monroe Motorsports, Inc., in State court for negligence during vehicle maintenance.  That case went to jury trial.  The jury found Monroe Motorsports negligent, but that negligence was not the proximate cause of Kostitch's death.  (ECF No. 38-4, PageID.169).  Plaintiff filed this case against

Polaris on August 9, 2019. The case was stayed for approximately one year while she appealed the jury verdict in the State case. (ECF Nos. 29, 32).

Polaris moved to dismiss the complaint arguing that res judicata bars Plaintiff from litigating her claims against it because she could have litigated them in the State court case. (ECF No. 38). This motion is fully briefed and ready for report and recommendation.

For the reasons below, the undersigned recommends Polaris's motion be denied.

## II.    AMENDED COMPLAINT ALLEGATIONS

Plaintiff and Kostitch purchased the Polaris Slingshot autocycle on February 28, 2015. This three-wheeled vehicle is a hybrid motorcycle-automobile. (ECF No. 35, PageID.118-19). Polaris marketed the vehicle as safer than a standard motorcycle, having side protection beams and a three-point seatbelt. (*Id.* at PageID.119, at ¶ 8). Plaintiff returned the vehicle to the dealer for routine oil changes during 2015 and 2016. On July 18, 2016, Plaintiff returned the vehicle to the dealer for an oil change and for warranty repairs requiring installation of a new headlight jumper relay. The dealer had the vehicle from that day until August 13, 2016. (*Id.* at ¶¶ 10-13). On August 13, 2016, Plaintiff and Kostitch returned to the dealer to pick up the vehicle. Plaintiff drove home in the family car while Kostitch drove the Slingshot home. On his drive home, a thunderstorm developed with hard

rain.  At one point, Kostitch lost control of the vehicle, veering left across traffic into oncoming traffic where he was struck broadside on the passenger side.  Upon impact, the passenger side cross beam buckled and the driver's side seatbelt retractor disintegrated.  Kostitch died.  (*Id.* at PageID.120, at ¶ 17).

Plaintiff alleges that Polaris was negligent in the design and manufacture of the Slingshot by:

- Failing to design and develop the seatbelt retractors and structural cross beams to eliminate the risk of excessive vehicular intrusion and occupant movement in a crash;

- Failing to utilize established engineering methodologies to identify and eliminate foreseeable hazards associated with the design of the product and its components, including seat belt retractors and structural cross beams;

- Failing to adequately test the seatbelt retractors to determine whether they would maintain their integrity in the event of a crash;

- Failing to ensure that the Slingshot was fit for its intended uses and crashworthy;

- Failing to warn or instruct that the Slingshot was susceptible to causing serious or fatal injuries because of the inability of the seatbelt retractors to maintain their integrity in the event of a crash;

- Marketing and advertising the Slingshot as having the protections of an automobile without testing it to the Federal Motor Vehicle Safety Standards;

- Failing to adequately test the structural cross beams to determine whether they would maintain their integrity in the

event of a crash; and

- Failing to adequately warn or instruct that the Slingshot did not offer the safety protection of an automobile, despite having two side-by-side seats, seatbelts, and a steering wheel.

(*Id.* at PageID.122-23, at ¶ 24).  Plaintiff alleges Polaris had actual knowledge of these defects, and thus was grossly negligent for failing to correct them and such negligence was the direct and proximate cause of Kostitch's death.

## III.   ANALYSIS AND RECOMMENDATIONS

### A.   Standard of Review

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility of an

4

inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

A complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy."  5B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1357 (3d ed. 1998).  Res judicata is such an affirmative defense.

Generally, a court cannot consider matters outside the complaint when ruling on a motion to dismiss under Rule 12(b)(6).  *Clark v. Walt Disney Co.*, 642 F. Supp. 2d 775, 781 (S.D. Ohio 2009).  That said, the court may consider material attached to the complaint, "incorporated into the complaint by reference," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), and documents that a defendant attaches to a motion to dismiss if the documents are referred to in the complaint and are central to the plaintiff's claims.  *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).  And the court may consider public records and matters of which a court may take judicial notice.  *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), abrogated on other grounds, *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002).

Attached to Defendant's motion are Plaintiff's complaint in the State court action before the Wayne County Circuit Court, the Notice of Non-Party Fault filed by Monroe Motorsports in the State court case, the no cause judgment in the State court case, and the Michigan Court of Appeals Order upholding the jury verdict. These State court documents are materials the Court may take judicial notice of and are considered here.

B.    Discussion

In Michigan, the doctrine of res judicata, or claim preclusion, "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first [case]." *Adair v. Michigan*, 470 Mich. 105, 121, 680 N.W.2d 386 (2004) (citing *Sewell v. Clean Cut Mgmt., Inc.*, 463 Mich. 569, 575, 621 N.W.2d 222 (2001)).  The Michigan Supreme Court interprets the doctrine of res judicata "broad[ly]," barring claims already litigated and "every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.*  "The doctrine of res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication, that is, to foster the finality of litigation." *Begin v. Mich. Bell Tel. Co.*, 284 Mich. App. 581, 598, 773 N.W.2d 271 (2009), overruled on other

grounds by *Admire v. Auto-Owners Ins. Co.*, 494 Mich. 10, 831 N.W.2d 849
(2013).

The question of privity is dispositive of Polaris's motion to dismiss.

Polaris argues that when res judicata is raised defensively as it is here,
privity or "substantial identity" of the parties is not required.  (ECF No. 38,
PageID.143-44).  This argument is not persuasive.

Not long ago, another Court in this District addressed this issue and
concluded that Michigan law does not hold that in defensive use of res judicata
privity among the parties is not required.  In *Gentry v. Wayne Cnty.*, 2014 WL
12656726 (E.D. Mich. Mar. 31, 2014), the defendants argued that claim preclusion
(res judicata) in Michigan does not require mutuality or privity for claim
preclusion to apply defensively.  *Id.* at *3.  Like Polaris, the defendants relied on
*McCoy v. Michigan*, 369 F. App'x 646 (6th Cir. Mar. 12, 2010).  *McCoy* cites
*Motuelle v. Ruffini*, 2004 WL 1254304 (Mich. Ct. App. June 8, 2004), for the
proposition that the Michigan Court of Appeals has extended the holding of the
Michigan Supreme Court case *Monat v. State Farm Ins. Co.*, 469 Mich. 679
(2004), to claim preclusion cases.  The *Monat* court found that defensive issue
preclusion (collateral estoppel) does not require privity.  *Id.* at 691.

The undersigned rejects Polaris's argument, largely tracking the reasoning in *Gentry*.  First, the cases Polaris relies on were unpublished and thus not binding on this Court.[1]   *See Gentry*, 2014 WL 12656726, at *4.

Second, and perhaps more importantly, those cases do not strongly support the position Polaris advances.  The line of cases cited by Polaris and the *Gentry* defendants find their roots in *Monat*, 469 Mich. 679 (2004).  *Monat*, however, held only that the mutuality requirement is not required for the defensive use of *issue preclusion*, not claim preclusion as asserted here.  As mentioned, *Motuelle v. Ruffini*, 2004 WL 1254304, is cited as the case that extends *Monat* to claim preclusion cases.  But *Motuelle* is unpublished, and as the *Gentry* court noted, it "has not been cited by any published Michigan court opinion since it issued.  In contrast, when explicitly adopting defensive, non-mutual issue preclusion, the Michigan Supreme Court in *Monat* noted that a published Court of Appeals' decision first held the principle to apply and that the Court of Appeals decision was then followed by other published decisions following the same rule."  2014 WL 12656726, at *4 (citations omitted).  *Motuelle* also made the statement that "mutuality is similarly not required" in defensive use of res judicata in a footnote,

---

[1] Polaris also cites *Jodway v. Fifth Third Mortg. Co.*, 557 B.R. 560 (E.D. Mich. 2016).  While *Jodway* is a published bankruptcy appeal decision, much like the cases noted above, it cites *Monat* and other unpublished cases stating privity is not required in defensive use of res judicata.  For the reasons next explained, its standing as a published case on privity in defensive res judicata is questionable at best.  Further, that court upheld the bankruptcy court's finding of privity.  *Id.* at 566.

i.e., as dicta rather than as a holding. 2004 WL 1254304, at *4, n. 3.  The fact that a few unpublished cases rely on this footnote to find mutuality is not required, without more, is not persuasive.

Finally, as observed in *Gentry*, "subsequent Michigan Supreme Court cases reciting the standards for claim preclusion have adhered to the prior res judicata rule discussed above, and made no indication that the requirement that 'both actions involve the same parties or their privies,' was loosened or eliminated in defensive res judicata."  2014 WL 12656726, at *5 (citations omitted).

In 1991, the Sixth Circuit affirmed a district court's use of the next factors to decide that mutuality was not required for claim preclusion under the circumstances in that case: "(1) the stranger to the first action is so closely related to one of the parties that a subsequent claim will merely repeat the prior claim; (2) there was no reason why the plaintiff could not have asserted these claims in the prior proceeding; and (3) the precluded plaintiff had a full and fair opportunity to litigate the issues involved during the prior proceeding." *Platsis v. E.F. Hutton & Co., Inc.*, 946 F.2d 38, 42-43 (6th Cir. 1991).  Polaris has not established that it was "so closely related" to Monroe Motorsports that the claim here is a repeat of the prior claim.  Polaris did not own or control Monroe Motorsports.  That Monroe Motorsports sold Polaris products, among others, does not necessarily make the

two companies "so closely related."  And as discussed more fully below, although the claims arose from the accident, the allegations and defenses are different.

For these reasons, the undersigned finds privity is required here.  *See The 81 Dev. Co., LLC v. Soil & Materials Engineers, Inc.*, 2021 WL 868886, at *11 (W.D. Mich. Mar. 9, 2021) (declining to follow *Monat* and *Motuelle* because those cases involved collateral estoppel, not claim preclusion); *State Farm Mut. Auto. Ins. Co. v. Elite Health Centers, Inc.*, 2019 WL 7593842, at *6 (E.D. Mich. Oct. 9, 2019) ("Nonmutual claim preclusion does not appear to be a well-developed area of the law.").

Polaris argues, alternatively, that Monroe Motorsports stood in privity with Polaris for purposes of res judicata.  (ECF No. 38, PageID.143, n. 2).  It asserts Monroe Motorsports is a Polaris dealer with a "working or functional relationship" with Polaris, and has substantial identity of interests such that Polaris's interests were presented in the State action because Polaris would have defended against the claims just  as Monroe Motorsports.  (*Id.*).

Michigan courts broadly define the concept of privity:

> To be in privity is to be so identified in interest with another party that the first litigant represents the *same legal right* that the later litigant is trying to assert. The outer limit of the doctrine traditionally requires both [1] a "substantial identity of interests" and [2] a "working functional relationship" in which [3] the interests of the nonparty are presented and protected by the party in the litigation.

*Bates v. Twp. of Van Buren*, 459 F.3d 731, 734-35 (6th Cir. 2006) (emphasis

added) (quoting *Adair*, 470 Mich. at 121, 680 N.W.2d 386)).

On a basic level, the two entities had/have the same interest as defendants in

these cases—to be found not liable for the alleged negligence.  Even so, Monroe

Motorsports' interest, specifically, was to defeat the claim that it was negligent in

the *maintenance* of the vehicle.  Polaris's interest here will be to be defeat the

claim that it was negligent in the *design and manufacture* of the vehicle.  These are

different defenses and interests.  While the two entities may have a "working or

functional relationship" since Monroe Motorsports sold Polaris vehicles, the

undersigned is not convinced that Polaris's interests were presented and protected

by Monroe Motorsports in State court.  Its defense that it was not negligent during

vehicle maintenance does not advance Polaris's defense that it was not negligent in

the design and manufacture of the same.  And notably, Monroe Motorsports filed a

Notice of Non-Party at Fault, claiming Polaris was at fault because it "may have

created an unreasonable risk of harm to Plaintiff."  (ECF No. 39-7, PageID.234).

Having filed such notice, Monroe Motorsports was not presenting and protecting

Polaris's interests in the State litigation.

Defendant has not cited authority that would direct otherwise.  The only case

it cites in its privity argument is *Peterson Novelties, Inc. v. City of Berkley*, 259

Mich. App. 1, 12-13 (2003), but in that case the court found privity because the

plaintiff in the first litigation owned Peterson Novelties, the plaintiff in the second litigation. There was no assertion that the owner was not in control of Peterson at any time. Polaris does not own Monroe Motorsports and there is no assertion it had any control over Monroe Motorsports, at least with regard to the State litigation.

The undersigned suggests Polaris is not in privity with Monroe Motorsports for purposes of res judicata, and thus res judicata should not bar Plaintiff's federal litigation.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss (ECF No. 38) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  May 19, 2022                         s/Curtis Ivy, Jr.
                                            Curtis Ivy, Jr.
                                            United States Magistrate Judge