UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERESA HERRON, as personal representative of the Estate of Kord Kostich, deceased,

        Plaintiff,

v.

Polaris Industries, Inc.,

        Defendant.
_____/

Case No. 19-12357
Honorable Nancy G. Edmunds
Magistrate Judge Curtis Ivy, Jr.

**ORDER OVERRULING OBJECTIONS, ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S MAY 19, 2022 REPORT AND RECOMMENDATION, AND DENYING DEFENDANT'S MOTION TO DISMISS [38, 42, 43]**

This is a product-liability case before the Court on diversity jurisdiction. Plaintiff's decedent, Kord Kostitch, was driving a 2015 Polaris Slingshot SL autocycle when he was killed in a vehicle collision on August 13, 2016. Plaintiff Teresa Herron, Kostitch's widow, sued the dealer of the autocycle in state court for negligence during vehicle maintenance. The case was tried before a jury and the jury found that the dealer was negligent, but that negligence was not the proximate cause of Kostitch's death. (ECF No. 38-4, PageID.169.) Plaintiff filed this case against Defendant Polaris Industries, Inc., the manufacturer of the autocycle, on August 9, 2019. The case was stayed while Plaintiff appealed the jury verdict in the state case, but that stay has since been lifted. (ECF Nos., 29, 32.)

Before the Court is the Magistrate Judge's May 19, 2022 Report and Recommendation on Defendant's motion to dismiss the Second Amended Complaint. The Magistrate Judge recommends that this Court deny Defendant's motion because Defendant and the dealer of the autocycle were not in privity for purposes of res judicata.

1

(ECF No. 42, PageID.272.) Defendant filed two objections to the Report and Recommendation. (ECF No. 43.) Plaintiff responded to the objections and Defendant filed a reply to the response. (ECF Nos. 44, 45.) For the reasons that follow, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation.

**I.      Standard of Review**

Upon receipt of a report and recommendation from the magistrate judge, a district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1). Thereafter, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id. See also* Fed. R. Civ. P. 72(b)(3). The Court is not "required to articulate all of the reasons it rejects a party's objections," if it does not sustain those objections. *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).

The purpose of filing objections is to focus the district judge's "attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Thus, a party's objections must be "specific." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citations omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). A disagreement with the magistrate judge's resolution or an "objection" that simply summarizes what has been argued before is not considered a valid objection. *Id.*

## II.       Defendant's Objections

### A.       Objection Number One

Defendant first objects to the Magistrate Judge's conclusion that Michigan law requires privity when res judicata is raised defensively. (ECF No. 43, PageID.280.) Defendant's objection is invalid as it merely restates argument it presented in its motion. (*See* ECF No. 38, PageID.143.)  *See also VanDiver*, 304 F. Supp. 2d at 937 ("an objection . . . that merely restates the arguments previously presented . . . is not sufficient[.]). Nevertheless, the Court has conducted a *de novo* review and finds Defendant's objection is without merit.

In Michigan, the doctrine of res judicata, or claim preclusion, "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first [case]." *Adair v. Michigan*, 680 N.W.2d 386, 396 (Mich. 2004) (citing *Sewell v. Clean Cut Mgmt., Inc.*, 621 N.W.2d 222 (Mich. 2001)). *Adair* has not been overturned by the Michigan Supreme Court although the Michigan Court of Appeals once noted, in a footnote to an unpublished case, that privity is not required when a defendant asserts res judicata defensively. *See Motuelle v. Ruffini*, No. 244557, 2004 WL 1254304, at *4 n. 3 (Mich. Ct. App. June 8, 2004) (extending the application of *Monat v. State Farm Ins. Co.*, 677 N.W. 2d 843, 852 (Mich. 2004)). But, as noted by the Magistrate Judge and another court in this district, *Motuelle* has not been cited by any published Michigan court opinions since it issued. (*See* ECF No. 42, PageID.268) (citing *Gentry v. Wayne Cnty.*, No. 10-CV-11714, 2014 WL 12656726, at *4 (E.D. Mich. Mar. 31, 2014)). Instead, the Michigan Supreme Court has recently confirmed in a published

opinion that "both res judicata and collateral estoppel apply only when the parties in the subsequent action were parties or privies of parties to the original action." *Mecosta Cnty. Med. Ctr. v. Metro. Grp. Prop. & Cas. Ins. Co.*, -- N.W. 2d ----, 2022 WL 2104120, at *5 (Mich. June 10, 2022).

Thus, for these reasons and those identified by the Magistrate Judge, Defendant's first objection is overruled.

### B.     Objection Number Two

In its next objection, Defendant argues that the Magistrate Judge erred when he found that Defendant is not in privity with the autocycle dealer that was the defendant in Plaintiff's state court action. (ECF No. 43, PageID.287.) Again, this is an improper objection as Defendant repeats the arguments it made in its motion. (*See* ECF No. 38, PageID.143 n.2.) As with Defendant's first objection, this Court has conducted a *de novo* review and finds the argument without merit.

"To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert." *Mecosta* -- N.W. 2d ----, 2022 WL 2104120, at *5 (citing *Adair*, 680 N.W.2d at 396). "In its broadest sense, privity has been defined as mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right. *Id.* (citing *Sloan v. Madison Hts.*, 389 N.W.2d 418 (1986)) (quotation marks omitted).

The Magistrate Judge correctly concluded that Defendant is not in privity with the dealer. (ECF No., PageID.272.) Defendant's interest here is to defeat Plaintiff's claim that it was negligent in the design and manufacture of the vehicle. (*See id.*) By contrast, the

4

dealer defendant in state court sought to defeat Plaintiff's claim that it was negligent in the maintenance of the vehicle, and it attempted to do this, in part, by blaming Defendant. (*See id.*; ECF No. 38-2, PageID.161 (state court notice of non-party at fault asserting that Polaris "designed and manufactured an unsafe product.") That both Defendant and the dealer are seeking to overcome Plaintiff's allegations of negligence is not enough. *See Mecosta*, -- N.W. 2d ----, 2022 WL 2104120, at *5 (citing *Sodak Distrib. Co. v. Wayne*, 93 N.W.2d 791 (1958) ("Privity does not arise from the mere fact that persons as litigants are interested in the same question or in proving or disproving the same state of facts.")).

Accordingly, Defendant's second objection is overruled.

### III. Conclusion

For the above-stated reasons, Plaintiff's objections (ECF No. 43) are **OVERRULED** and the Court hereby **ACCEPTS AND ADOPTS** the Magistrate Judge's May 19, 2022 Report and Recommendation on Defendant's Motion to Dismiss (ECF No. 42). Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 38) is **DENIED**.

**SO ORDERED.**

                                                  s/Nancy G. Edmunds
                                                  Nancy G. Edmunds
                                                  United States District Judge

Dated: September 6, 2022


I hereby certify that a copy of the foregoing document was served upon counsel of record on September 6, 2022, by electronic and/or ordinary mail.

                                                  s/Lisa Bartlett
                                                  Case Manager